UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA     )
     )
     v.     )     Case No.  3:14-CR-002 JD
     )           3:15-CV-058 JD
LARRY JONES     )

## OPINION AND ORDER

Defendant Larry Jones pled guilty to knowingly possessing a stolen firearm, and received a sentence of 100 months of imprisonment. After the judgment became final, he filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing that his attorney provided ineffective assistance of counsel by failing to file a motion to suppress, failing to properly represent him at sentencing, and failing to file a notice of appeal. That motion is now fully briefed. For the reasons that follow, the Court finds that Mr. Jones is not entitled to relief under § 2255 under these circumstances, so Mr. Jones' motion must be denied.

## I. FACTUAL BACKGROUND

Mr. Jones was initially charged in a three-count indictment with possession of heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Case No. 3:13-CR-92, DE 1]. Prior to the indictment, law enforcement officers had conducted multiple controlled buys of heroin from Mr. Jones at his residence. They then executed a search warrant at his property, during which they discovered various quantities of heroin and other paraphernalia, both in his residence and in his garage. They also discovered two firearms, one of which was found in a trashcan in the garage, next to a bag that contained ten or fifteen grams of heroin, baggies, and a scale. That firearm had been reported stolen.

Mr. Jones ultimately entered a plea agreement by which he agreed to plead guilty to an information charging him with knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). [Case No. 3:14-CR-2, DE 1, 2]. Notably, given Mr. Jones' previous convictions, that offense cannot trigger the career offender guideline, nor can it expose a defendant to mandatory minimum penalties under the Armed Career Criminal Act, which only applies to convictions under § 922(g). As part of his plea agreement, Mr. Jones also waived his right to appeal or contest his conviction and sentence to any court on any ground, including in a proceeding under § 2255. In return, the government agreed to dismiss each of the three counts in the original indictment. As a result, instead of facing charges that carried mandatory minimum terms and sentences of up to life imprisonment, Mr. Jones pled guilty to a single charge that exposed him to up to ten years of imprisonment. The magistrate judge conducted a change of plea hearing with Mr. Jones on January 24, 2014, after which the Court adopted the report and recommendation and accepted Mr. Jones' guilty plea. [DE 6, 9, 39].

At sentencing, Mr. Jones had a base offense level of 24 under the Sentencing Guidelines, as he had two prior convictions for controlled substance offenses. U.S.S.G. § 2K2.1(a)(2). He then received enhancements for possessing a stolen firearm, § 2K2.1(b)(4), and for possessing a firearm in connection with another felony offense, § 2K2.1(b)(6)(B). After receiving a reduction for acceptance of responsibility, § 3E1.1, Mr. Jones' total offense level was 27. Mr. Jones' criminal history score of eight placed him in criminal history category IV. This produced an advisory sentencing range of 100 to 125 months, which was then limited to a range of 100 to 120 months due to the statutory maximum. Mr. Jones' attorney objected to the two enhancements, both prior to and during the sentencing hearing. After accepting evidence and argument from the parties on those enhancements, the Court overruled the objections and applied the enhancements.

Finally, after considering the factors under 18 U.S.C. § 3553(a), the Court sentenced Mr. Jones to a term of 100 months of imprisonment, at the bottom end of the advisory sentencing range. The Court entered the judgment on May 19, 2014. [DE 24].

Mr. Jones did not file a notice of appeal within 14 days, so his conviction became final. On January 15, 2015, Mr. Jones filed a document entitled "Appeal under 28 U.S.C. 2255." [DE 26]. Shortly thereafter, Mr. Jones filed a formal notice of appeal from his conviction, [DE 28], so the Court held the motion under § 2255 in abeyance pending the resolution of that appeal. The Seventh Circuit eventually dismissed Mr. Jones' appeal as untimely [DE 35], at which point Mr. Jones confirmed that he wished for his previous filing to be construed as a motion under § 2255. That motion has now been fully briefed, and is ripe for adjudication.

## II.  STANDARD OF REVIEW

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004).  Further, a "Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Bousley v. United States*, 523 U.S. 614, 621 (1998) (stating that habeas review "will not be allowed to do service for an appeal"). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

# III. DISCUSSION

In support of his claim for relief under § 2255, Mr. Jones asserts that his attorney was ineffective in multiple respects, including by failing to file a motion to suppress evidence, failing to object at sentencing to certain enhancements under the Sentencing Guidelines, and failing to file a notice of appeal upon his request. In response, the government argues that Mr. Jones waived his right to file a motion under § 2255, and that this waiver bars his claims. It further argues that his claims of ineffective assistance of counsel would fail on their merits. The Court first addresses the enforceability of the collateral review waiver. Because an attorney's failure to file a motion to suppress evidence can constitute ineffective assistance in connection with a plea, which can void a waiver, the Court also considers that claim in the context of the waiver. Though the Court finds that the waiver is enforceable and precludes Mr. Jones' other claims, it also considers those claims on their merits and concludes that they would fail even absent the collateral review waiver.

## A.     The Waiver in Mr. Jones' Plea Agreement is Enforceable

The government argues that Mr. Jones' motion should be dismissed because he waived his right to file such a motion in his plea agreement. Specifically, paragraph 9(e) of Mr. Jones' plea agreement states:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement;
>
> **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including**

4

**but not limited to, a proceeding under Title 28, United States Code, Section 2255[.]**

[DE 2, p. 4 (bold in original)].

"A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). The Seventh Circuit has held that "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Thus, a defendant who has waived his right to file a motion under § 2255 must typically establish either that the waiver (or the plea agreement of which it is a part) was not entered knowingly and voluntarily, or that the defendant received ineffective assistance of counsel in connection with the plea agreement. *Id.*; *Keller*, 657 F.3d at 681 ("We have generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary . . . or the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement."). Mr. Jones presents arguments on both fronts, and the Court considers them in turn.

First, in arguing that this waiver should not be enforced, Mr. Jones argues that the mere fact that he has now filed a motion under § 2255 shows that he must not have knowingly waived his right to do so. He thus requests a hearing on whether he knowingly entered this waiver. Such a conclusory and circular allegation is insufficient to warrant a hearing, though. Moreover, the Court need not conduct a new hearing on that topic, as it has already held a hearing at which Mr. Jones testified under oath that he understood this waiver. During Mr. Jones' change of plea hearing on January 24, 2014, the magistrate judge explained the waiver to Mr. Jones and confirmed that he understood it:

THE COURT: Do you have the plea? I want to go over just a few points -- just to make sure -- because they are important.

The first one I wish to draw to your attention is found on page 4, subparagraph 9(e), the second paragraph, about the middle of the page.

That paragraph begins: *I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel.*

Mr. Jones, earlier I said if you went to trial and if you were convicted at trial, you have the right to appeal that conviction, with the assistance of counsel, to the United States Court of Appeals.

Well, what you're doing in your Plea Agreement in this provision I just read to you is you are giving up that right.

So, as it says, you will not now be able to appeal or to contest your conviction or your sentence to any court on any ground. Do you understand that?

THE DEFENDANT: Yes.

[DE 39 p. 14 (italics in original)]. The magistrate judge also confirmed with Mr. Jones that he had read his plea agreement, that he discussed it with his attorney, and that he understood it. [DE 39 p. 13].

Finally, at Mr. Jones' sentencing hearing, where Mr. Jones was also under oath, the Court again confirmed that Mr. Jones understood this waiver:

Mr. Jones, pursuant to paragraph 9(e) of your Plea Agreement, you have waived your right to appeal or contest your conviction and sentence or the manner in which your conviction and sentence were determined or imposed, to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation.

Do you understand that waiver, sir?

THE DEFENDANT: Yes.

[DE 38 p. 46]. In sum, Mr. Jones was advised in his written plea agreement and during the change of plea hearing that he was giving up his right to appeal or contest his conviction and sentence, including through a motion under § 2255. Mr. Jones confirmed that he understood this

and that he had discussed it with his attorney, and he proceeded to enter a plea of guilty. Then again at sentencing, even after the Court imposed the sentence, Mr. Jones confirmed that he understood this waiver. Accordingly, there is no need for the Court to hold an additional hearing on this topic, as the record already conclusively establishes that Mr. Jones knowingly entered this waiver.

Mr. Jones next argues that his plea was not knowing and voluntary because his attorney had promised him a sentence of about 37 months, and that he accepted the plea agreement for that reason. Again, however, this claim is squarely contradicted by Mr. Jones' previous sworn statements. To begin with, Mr. Jones acknowledged in his plea agreement that "no one can predict the precise sentence that will be imposed," and that "no predictions, promises or representations have been made to [him] as to the specific sentence that will be imposed." [DE 2 ¶ 9(e), (j)]. The magistrate judge then discussed this topic with Mr. Jones at length during the change of plea hearing:

> THE COURT: Have you discussed the Sentencing Guidelines with Mr. Tuszynski?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: I don't know what he told you in particular -- I assume it is correct -- but let me tell you what it is not. Whatever he told you, it is not official; it is not final. It is his opinion.
>
> We won't know exactly or officially what your Guidelines are until the Court makes that determination and that won't occur until after the Court considers a Presentence Report.
>
> If I find your plea is appropriate today, I'm going to order the Probation Department to prepare that Presentence Report and then they will look into the nature and circumstances of your offense; your role in the offense; your prior criminal history and various other factors, and they will then calculate what they think the Guidelines are.
>
> Now, both you and Mr. Tuszynski will be able to review that report so if there's something in there you don't think is correct or, perhaps, something that is not in

the report that they should have included or considered or maybe you think they've just miscalculated the Guidelines, you can bring that to the Court's attention.

And then at sentencing that's when the Court will ultimately determine what your Guidelines are. Okay?

THE DEFENDANT: Yes.

THE COURT: So all I'm saying is no matter what you have discussed with anybody -- including your attorney -- about the Guidelines, it is just their opinion. We won't know until the Court decides, and that won't occur until sentencing and after consideration of the Presentence Report.

The second point is whatever the Court ultimately determines your Guidelines to be, the Court doesn't have to follow the Guidelines because they're guidelines.

What I mean by that is they're simply there to assist the Court to determine an appropriate sentence.

The law allows the Court to either impose a more severe sentence than what the Guidelines may recommend or less severe.

Okay?

THE DEFENDANT: Yeah.

[DE 39 p. 11–13]. Mr. Jones then expressly denied that he was pleading guilty based on any

promises:

Let me ask you now: Are there any promises that are causing you to plead guilty today that are not contained in that written Plea Agreement?

THE DEFENDANT: No.

[DE 39 p. 14]. Finally, the magistrate judge reiterated these topics with Mr. Jones when he

discussed a paragraph of the plea agreement containing a non-binding recommendation:

That paragraph reads: *I further understand that the Court is not bound by any of these recommendations and that I am not entitled to withdraw this Guilty plea if the Court decides not to accept these recommendations.*

I want to explain what is happening here: In the preceding paragraph the United States is agreeing to make certain recommendations, but that's what they are -- "recommendations" -- and, as this says, they are nonbinding on the Court, which means the Court doesn't have to follow them.

So what that could mean to you is if you receive a sentence that is more severe than what you thought you were going to get; more severe than maybe what your attorney thought and told you; maybe more severe than what the Guidelines recommend; even more severe than what the government may recommend to the Court, you will not be able to withdraw your guilty plea as a result, nor, as we've just discussed, will you be able to appeal.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Those two are important.

[DE 39 p. 15 (italics in original)].

After hearing all of these advisements, confirming he understood them, and confirming that no promises had been made to him, Mr. Jones proceeded to enter a plea of guilty. Thus, the Court cannot accept Mr. Jones' assertion in his reply brief that his attorney promised him a specific sentence and that he pled guilty for that reason. "[A] defendant is normally bound by the representations he makes to a court during the [change of plea] colloquy. Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [a defendant] to renege on his representation under oath to the district court that there were no promises made to him to induce his guilty plea." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010); *see also United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). Mr. Jones has offered no explanation for why his current claim contradicts his previous sworn statements, so the Court relies on those sworn statements and finds that Mr. Jones was not promised any specific sentence. And because the thorough plea colloquy confirms that Mr. Jones' guilty plea was knowing and voluntary, the Court finds that the plea agreement and the waiver contained therein cannot be set aside on that basis.

Next, Mr. Jones argues that his attorney was ineffective for failing to file a motion to suppress. The government did not substantively respond to this argument, but a failure to move to suppress evidence can constitute ineffective assistance of counsel in connection with the negotiation of a plea agreement. *United States v. Hurlow*, 726 F.3d 958 (7th Cir. 2013). If successful, such a claim can invalidate a plea agreement and its accompanying waiver, *id.*, and Mr. Jones' plea agreement specifically preserved his ability to raise such a claim, so the Court considers this claim on its merits. To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his attorney performed deficiently—that the representation was incompetent and "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). Second, a defendant must show that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "When the claim of ineffective assistance is based on counsel's failure to present a motion to suppress," the Seventh Circuit has "required that a defendant prove the motion was meritorious." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005).

Mr. Jones argues that his attorney should have moved to suppress evidence found in a search of his garage, on the basis that that search was outside the scope of the search warrant. The warrant in question stated that probable cause existed to believe that heroin and other evidence was "Located and concealed on the following described **premises:** 809 E. Donald St., South Bend, IN." [DE 44-1]. The warrant then described the property, including by noting that it included a "blue, one story single family residence," but the description did not specifically mention the garage. [*Id.*] The warrant then concluded by stating, "**YOU ARE THEREFORE COMMANDED**, . . . to enter into or upon the premise described herein, including each and

every room therein contained, *any and all out buildings and vehicles on the property*, and diligently search for said items described herein . . . .” [*Id.* (italics added)].

The Fourth Amendment requires that a search warrant contain a description of the place to be searched with particularity. *Maryland v. Garrison*, 480 U.S. 79, 84 (1987); *United States v. Aljabari*, 626 F.3d 940, 947 (7th Cir. 2010). A search that exceeds the scope permitted by the warrant may thus be unconstitutional. *Horton v. California*, 496 U.S. 128, 140 (1990). Here, however, the search of Mr. Jones’ garage did not exceed the scope of the search warrant. To begin with, the warrant expressly authorized the search of “any and all out buildings . . . on the property.” [DE 44-1]. The garage constitutes an outbuilding on the property, so the warrant authorized its search even though the warrant did not specifically mention the garage. Second, warrants that permit the search of the “premises” at a particular address generally permit a search of all buildings located on that property, even if they are not specifically identified in the warrant. *United States v. Griffin*, 827 F.2d 1108, 1114–15 (7th Cir. 1987). The warrant here used that language, and thus permitted a search of any building on the property.

For example, in *Griffin*, 827 F.2d at 1113–14, the search warrant authorized a search of the “premises” at a particular address. *Id.* In describing the property, the warrant noted that it contained a residence and a detached garage, but it did not mention a separate toolshed also located on the property. *Id.* Officers nonetheless searched the toolshed while executing the warrant and found incriminating evidence, which the defendant moved to suppress. *Id.* The Seventh Circuit held that the motion to suppress was properly denied, holding that the term “premises” encompasses all of the land and buildings located on a particular property. *Id.* at 1114–15. Even though the warrant mentioned the house and garage in describing the property, the court held that that description “does not limit the scope of the search to those specific areas,

but instead makes the premises to be searched more readily identifiable." *Id.* at 1115.

Accordingly, the warrant authorized a search of the toolshed because the toolshed was a building located on the premises identified in the warrant. *Id.*; *see also Illinois v. Valle*, 34 N.E.3d 231, 237–37 (Ill. App. Ct. 2015) ("[C]ourts have repeatedly and routinely held that a warrant that authorizes the search of 'premises' at a given residential address allows the search of detached garages, sheds, and other outbuildings even if these separate structures are not mentioned at all in the warrant." (citing *Griffin* and other cases)).

The warrant here likewise authorized a search of the "premises" at a particular address. Though the description of the property in the warrant did not mention the existence of a garage, nothing in the warrant limited the scope of the search to the buildings actually described in the warrant; the description merely served to make the property more readily identifiable. In fact, as noted above, the warrant expressly stated that the search could include "all out buildings" on the property. Mr. Jones does not contend that his garage was not on the property at that address, so the garage was included within the scope of the search warrant. A motion to suppress any evidence found in the garage would therefore have been frivolous, and Mr. Jones' attorney cannot be considered ineffective for declining to file such a motion.

Second, Mr. Jones has failed to establish that he was prejudiced by any failure to file a motion to suppress. To establish prejudice in this context, a defendant "must do more than simply allege 'that he would have insisted on going to trial'" had he received adequate representation prior to his guilty plea; "he must also come forward with objective evidence that he would not have pled guilty" and would have proceeded to trial. *Hutchings*, 618 F.3d at 697; *see also Cieslowski*, 410 F.3d at 359. Here, there is little reason to believe that competent counsel would have chosen to file a motion to suppress even if that motion could have been successful,

or that Mr. Jones would have proceeded to trial on the original indictment even if a motion to suppress was granted.

The original indictment charged Mr. Jones with three counts: (1) possession of heroin with intent to distribute; (2) possession of a firearm in furtherance of a drug trafficking crime; and (3) possession of a firearm as a felon. Relative to Count 1, for possessing heroin with the intent to distribute, the government had conducted multiple controlled buys of heroin from Mr. Jones, and the search of his residence revealed heroin and other paraphernalia. None of the evidence in the garage that Mr. Jones wants to have been suppressed would have been necessary to return a conviction on this count, and Mr. Jones has given no indication that he had any plausible defense to that charge. If convicted at trial on that count alone, Mr. Jones would have faced statutory penalties of up to 20 years of imprisonment, and he would have qualified as a career offender under the Guidelines,[1] meaning his guideline sentencing range would have been 210 to 240 months of imprisonment.[2] Meanwhile, the count to which Mr. Jones actually pled guilty—possessing a stolen firearm—carried a statutory maximum sentence of only 10 years, and the guideline sentencing range on that count was 100 to 120 months. In return for Mr. Jones' guilty plea to that charge by way of an information, the government agreed to dismiss all three of the counts of the original indictment. Thus, even if Mr. Jones could have defeated with certainty

[1] Mr. Jones' attorney clearly considered this factor in advising Mr. Jones as to his plea, as he filed a motion to continue trial for the express purpose of investigating whether Mr. Jones would qualify as a career offender under the Sentencing Guidelines. [Case No. 3:13-CR-92, DE 21 ("[I]n order to make a knowing and voluntary plea counsel believes the Defendant must understand the possible exposure he faces in terms of an executed sentence; if applicable, career offender status would drastically increase Defendant's exposure under the sentencing guidelines.")].

[2] As a career offender, Mr. Jones' offense level would be 32, and his criminal history category would be VI. U.S.S.G. § 4B1.1(b). This would produce a range of 210 to 262 months under the Sentencing Table, which would then be limited to 210 to 240 months by the statutory maximum for this count.

the charge to which he actually pled guilty, he has provided no reason to believe that he would have done so and forgone the substantial benefit that his plea agreement provided to him. The Court therefore finds that Mr. Jones has not established prejudice, and that his claim of ineffective assistance of counsel relating to his plea agreement fails for that reason as well.

Because the Court has found that Mr. Jones' waiver was made knowingly and voluntarily, and that it was not the product of ineffective assistance of counsel, the collateral review waiver is enforceable and precludes any claims within its scope. *Dowell v. United States*, 694 F.3d 898, 901–02 (7th Cir. 2012); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[W]aivers [of collateral review] are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."). As noted above, the only exception to that waiver is for a claim of ineffective assistance of counsel that relates directly to the plea agreement or its negotiation, but the Court has considered that claim and rejected it on its merits. Mr. Jones' other claims, for ineffective assistance at sentencing and on appeal, are squarely within the scope of the waiver, and are therefore barred. Nonetheless, for completeness, the Court will discuss the merits of those claims.

## B.    Mr. Jones' Counsel Was Not Ineffective at Sentencing

Mr. Jones next argues that his attorney was ineffective for failing to challenge certain Guidelines enhancements at sentencing. Specifically, Mr. Jones believes that he should not have received a 2-level enhancement for possessing a stolen firearm, or a 4-level enhancement for possessing a firearm in connection with another felony offense. As to the 2-level enhancement, Mr. Jones argues that an enhancement for possessing a stolen firearm constitutes double-counting, as his offense of conviction was for possessing a stolen firearm. And as to the 4-level enhancement, Mr. Jones maintains that he should not have received an enhancement under the

Guidelines for possessing the firearm in connection with another felony offense because he was not convicted for any other felony offense. In his opening brief, Mr. Jones argues that his attorney was ineffective because he failed to object to these enhancements at all. In his reply brief, Mr. Jones concedes that his attorney discussed these issues at the sentencing hearing, but he argues that his attorney should have raised them sooner so that they could be more fully considered.

However, Mr. Jones' attorney did in fact object to these enhancements in advance of the sentencing hearing. On April 10, 2014, over a month prior to the sentencing hearing, Mr. Jones' attorney submitted objections to the draft Presentence Report. [DE 11]. Those objections stated, in pertinent part:

**Regarding Paragraphs 12 & 24:**

The presentence report indicates that a two (2) level enhancement is applicable due to the fact that the .44 revolver was stolen, pursuant to U.S.S.G. § 2K2.1(b)(4)(A). Defendant does not dispute that the gun was stolen. He denies stealing the weapon himself, but acknowledges possession of the firearm and knowledge it was stolen.

However, defendant pled to receipt/possession of a stolen firearm in violation of 18 U.S.C. § 922(j). An essential element of that offense is that firearm in question be stolen. Applying § 2K2.1(b)(4)(A) would amount to double counting in that defendant would be punished twice for the same conduct. As such, defendant would assert that application of § 2K2.1(b)(4)(A) is inappropriate.

**Regarding Paragraphs 12 & 25:**

Defendant continues to accept responsibility for his actions and understands that the Court may consider a wide range of circumstances surrounding the offense as relevant conduct.

While defendant acknowledges possession of the stolen firearm, he maintains that he did not, nor was it ever his intent to possess or use said firearm to further a felony offense, or to be used in connection with any other felony offense. While illegal narcotics were found in various locations of the residence, the firearm itself was found in a trash can in the garage where it was not otherwise readily accessible.

[DE 11]. The Addendum to the Presentence Report that the probation officer filed on April 21, 2014 thus reflected those objections. [DE 13].

Mr. Jones' counsel then reiterated those same objections in his sentencing memorandum, which was filed a full week prior to the sentencing hearing:

> Having plead guilty to a violation of § 922(j), which requires as an essential [element] that the firearm in question be stolen, the Probation Department indicates that a two (2) level enhancement, pursuant to § 2K[2].1(b)(4)(A) is appropriate because the revolver possessed by defendant was stolen. Applying § 2K[2].1(b)(4)(A) would amount to double counting in that defendant would be punished twice for the same conduct. As such, application of § 2K[2].1(b)(4)(A) is inappropriate.

> Defendant does not dispute the gun was stolen. He denies stealing the weapon, but acknowledges possession of the weapon and knowledge it was stolen.

> The probation department then adds a four (4) level enhancement pursuant to § 2K[2].1(b)(6)(B) on the belief that defendant possessed the firearm in connection to the felony offense of drug trafficking. While defendant acknowledges possession of the stolen firearm, he maintains that he did not use the firearm in connection with any other felony offense, nor did he possess it with the intent to further any other felony offense. While illegal narcotics were found in various locations of the residence, the firearm itself was found in a trashcan in the garage where it was not otherwise readily accessible.

> Defendant continues to accept responsibility for his actions and understands that the Court may consider a wide range of circumstances surrounding the offense to which he plead, but simply asserts that that possession of the firearm was unrelated to anything else.

> Given the arguments regarding application of § 2K[2].1(b)(4)(A) (stolen firearm) and § 2K[2].1(b)(6)(B) (possessed firearm in connection with another felony offense), defendant maintains that the appropriate adjusted offense level is properly calculated at level twenty-one (21).

[DE 18 p. 3–4]. Finally, at the sentencing hearing, the parties discussed these objections at length, and both parties had the opportunity to submit evidence on these objections. Thus, Mr. Jones' attorney did exactly what Mr. Jones says he should have—he raised these objections well in advance of the sentencing hearing so that they could be fully argued by the parties and

considered by the Court. Therefore, Mr. Jones has not shown that his attorney's performance was deficient.

Moreover, the reason the objections were overruled was not due to any shortcoming of Mr. Jones' attorney, but because both of those enhancements were proper, so the Court was bound to apply them. First, as to the enhancement for possessing a stolen firearm, the Seventh Circuit has held that double-counting—using the same conduct more than once to increase a defendant's guideline range—"is generally permissible unless the text of the guidelines expressly prohibits it." *United States v. Vizcarra*, 668 F.3d 516, 520–21 (7th Cir. 2012). Here, the text of the guideline states, "If any firearm was stolen, increase by 2 levels." U.S.S.G. § 2K2.1(b)(4)(A). The only pertinent exception to that provision is where "the base offense level is determined under subsection (a)(7)." *Id.* cmt. n.8(A), because all other subsections are driven by conduct other than that the firearm was stolen. That exception does not apply here, though, because Mr. Jones' base offense level was determined under subsection (a)(2), not subsection (a)(7). Therefore, because the text of the guideline does not "expressly prohibit[]" double counting under these circumstances, the 2-level enhancement properly applied even though Mr. Jones' offense of conviction was for possessing a stolen firearm.

As to the 4-level enhancement for possessing a firearm in connection with another felony offense, the Court applied that enhancement based on the firearm's close proximity to heroin and drug paraphernalia (baggies and a scale) when it was discovered. That was consistent with application note 14(B), which states that this enhancement should apply "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In these cases, application of [this enhancement] . . . is warranted because the presence of the firearm has the potential of facilitating another felony

offense . . . ." U.S.S.G. § 2K2.1 cmt. n.14(B). Mr. Jones argues that he should not have received this enhancement because he was not convicted of a controlled substance offense. However, the Guidelines are not limited in scope to conduct for which a defendant is convicted. To the contrary, a court must consider "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1). Further, the application notes to this enhancement state that it can apply "regardless of whether a criminal charge was brought, or a conviction obtained" for the other felony offense." U.S.S.G. § 2K2.1 cmt. n.14(C); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013) ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."); *Thomas*, 606 F. App'x at 843 (holding that this enhancement properly applied even though the defendant had not been charged with or convicted of the other felony offense). Accordingly, it does not matter at all that Mr. Jones was not convicted for possessing or distributing heroin; because the firearm was found in close proximity to heroin and drug paraphernalia, the Court was bound to apply this enhancement whether Mr. Jones was convicted of that offense or not.

In sum, Mr. Jones' attorney was not ineffective at sentencing, as he promptly objected to the enhancements just as Mr. Jones argues he should have. Moreover, both of the enhancements in question were properly applied, so his attorney could not have been ineffective in failing to challenge them and Mr. Jones could not have suffered any prejudice. Accordingly, the Court finds that Mr. Jones did not receive ineffective assistance of counsel at sentencing.

**C.      Mr. Jones' Counsel Was Not Ineffective for Failing to File a Notice of Appeal**

Finally, Mr. Jones argues that his attorney rendered ineffective assistance by failing to file a notice of appeal as requested. As a general matter, "a lawyer who disregards specific

instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000). "And 'when counsel fails to file a requested appeal, a defendant is entitled to an appeal without showing that his appeal would likely have merit.'" *Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012) (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)) (internal alterations omitted). "In other words, when a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel.'" *Id.* (quoting *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010)).

In certain other circuits, that would be the end of the analysis, and Mr. Jones could prevail on a claim of ineffective assistance of counsel (at least if he had not waived his right to bring such a claim in a collateral proceeding) by simply proving that he directed his attorney to file a notice of appeal. However, the Seventh Circuit has recognized an exception to that rule when a defendant agrees in a plea agreement to waive his right to appeal:

> Once a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N) [at a change of plea hearing], the sixth amendment does not require counsel to disregard the waiver. The regimen of *Strickland* applies: the defendant must show both objectively deficient performance and prejudice. Unless a non-frivolous issue could be raised on appeal, counsel should protect the client's interest in retaining the benefit of the plea bargain.

*Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008); *see also Solano v. United States*, No. 15-1290, 2016 WL 456204, at *1 (7th Cir. Feb. 5, 2016) ("[T]he Sixth Amendment does not require an attorney to accede to a defendant's request to file an appeal where the defendant has knowingly and voluntarily waived that right as part of a valid plea agreement."). These cases acknowledge that the fundamental decision of whether to appeal rests with the defendant, as Mr. Jones argues. But they also recognize that when a defendant enters an agreement waiving his right to appeal, the defendant has already made that decision. As the Seventh Circuit explained in

*Nunez*, "It will not do to reply that the decision to appeal is entrusted to the defendant personally, and that counsel must do the client's bidding. [The defendant] *had* made a personal decision—a decision not to appeal. That's what the waiver was about." 546 F.3d at 455.

Because Mr. Jones agreed in his plea agreement not to appeal, the analysis in *Nunez* applies, and Mr. Jones' attorney was not required to file a notice of appeal merely because he asked him to. Rather, because the waiver did not exclude from its scope any claims that could have been brought on direct appeal,[3] Mr. Jones' attorney was both entitled and obligated to exercise his professional judgment in deciding whether to file a notice of appeal. *Nunez*, 546 F.3d at 455. Mr. Jones never states what issues he wanted to raise on appeal, though, so he has not satisfied his burden of showing that any non-frivolous arguments existed that might have led a competent attorney to file a notice of appeal. Accordingly, Mr. Jones has not shown that his attorney rendered ineffective assistance by declining to do so, so this claim would fail even on its merits.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[3] As noted above, the only exception was for ineffective assistance of counsel relative to the waiver or its negotiation. But Mr. Jones does not state that he wanted to raise such a claim in his appeal, and without having first raised that claim in the district court, Mr. Jones could not have properly presented it on direct appeal. *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("[W]e have said many times that it is imprudent to present an ineffective-assistance argument on direct appeal."). And because such a claim can always be brought in a motion under § 2255, no prejudice could result from a failure to present it on direct appeal. *See id.* ("[A] defendant is never obliged to raise an ineffective-assistance argument on direct appeal— . . . in other words, . . . it is always safe to reserve the issue for collateral review.").

§ 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell,* 537 U.S. 322, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Here, the Court does not find that Mr. Jones has made a substantial showing of the denial of any constitutional rights. The record indicates that Mr. Jones was well-represented at each stage of this proceeding, and that he also knowingly and voluntarily waived his right to file a motion under § 2255. Accordingly, the Court does not believes that any issues in this motion could be resolved in a different manner or are adequate to deserve encouragement to proceed further. The Court therefore denies the issuance of a certificate of appealability.

The Court advises Mr. Jones that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Jones that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453

F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

## V.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Jones' motion for relief under § 2255, and DENIES the issuance of a certificate of appealability.

SO ORDERED.

ENTERED:  February 16, 2016

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court